**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NICHOLAS PARLAVECCHIO, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br><br>REMAX, INC., and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, NICHOLAS PARLAVECCHIO, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, REMAX, INC ("REMAX") and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and one of the Plaintiffs resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the County of Union, State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      REMAX is a corporation with offices located at 307 Wall Street, Princton, New Jersey 08540.

8.      Upon information and belief, REMAX is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

9.      John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection

letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent letters and/or notices from Defendant, concerning a debt owed to RWJ UNIV HOSPITAL SOMERSET-MEDICARE, which:

  a.     displayed string of numbers visible through the window of the envelope and/or on a mailing label, which contained the consumer's account number.

- The Class period begins one year to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

- 3 -

a. Whether the defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§1692f and 1693f(8).

b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would

engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

13.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 14 U.S.C. §1692a(3).

14.    Sometime prior to September 3, 2014, Plaintiff allegedly incurred a financial obligation to RWJ UNIV HOSPITAL SOMERSET-MEDICARE. ("RWJ").

15.    The RWJ obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.    The alleged RWJ obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17.    RWJ is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18.    At some time prior to September 3, 2014, the RWJ obligation became past due.

19.    At some time prior to September 3, 2014, the RWJ obligation was placed for collection with REMAX.

20.     At the time the RWJ obligation was placed with REMAX, the balance was past due

21.     On or about September 3, 2014, REMAX caused to be delivered to Plaintiff a letter addressed to Plaintiff.  **Exhibit A.**

22.     The September 3, 2014 letter was sent to Plaintiff in connection with the collection of the RWJ obligation.

23.     The September 3, 2014 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24.     The September 3, 2014 letter was mailed in a window envelope.

25.     The September 3, 2014 letter displayed through the window:

> xxxx101-CL-A1
> [xxx BARCODE xxx]
> NICHOLAS PARLAVECCHIO
> Street Address
> City, New Jersey Zip Code

26.     Plaintiff's account number was visible through the window.

27.     Upon receipt, Plaintiff read the September 3, 2014 letter.

28.     The account number is not meaningless - it is a piece of information capable of identifying [the consumer] as a debtor.  And its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address.  *Douglass v. Convergent Outsourcing*, 765 F. 3d 299 (Third Cir. 2014).

## POLICIES AND PRACTICES COMPLAINED OF

29.     It is Defendants' policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit A** which violate the FDCPA, by *inter alia*:

(a)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

(b)    Using language and/or symbols on envelopes mailed to consumers, which reveal information other than the debt collector's address.

30.    On information and belief, REMAX sent a written communication, in the form annexed hereto as **<u>Exhibit A</u>** to at least 50 natural persons in the State of New Jersey.

<u>COUNT I</u>

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692**<br>**<u>VIOLATION OF 15 U.S.C. §1692f</u>**

31.    Plaintiff repeats the allegations contained in paragraphs 1 through 30 as if the same were set forth at length.

32.    Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

33.    Defendants violated 15 U.S.C. §1692f by:

a.    using unfair and unconscionable collection practices in connection with the collection of a debt;

b.    using language and symbol on envelopes mailed to consumers that reveal information other than the debt collector's address, in violation of 15 U.S.C. §1692f(8).

34.    By reason thereof, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated Sections 1692f of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., as Class Counsel;

(b)      Awarding Plaintiff and the Class statutory damages;

(c)      Awarding Plaintiff and the Class actual damages;

(d)      Awarding pre-judgment interest;

(e)      Awarding post-judgment interest.

(f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)      Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Fairfield, New Jersey
      November 21, 2014

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

*s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq. (BW3338)
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
bwolf@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: November 21, 2014

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# EXHIBIT A

**REMEX**
REVENUE MANAGEMENT
E X C E L L E N C E

307 Wall St.
Princeton, NJ 08540-1515
(609) 921-8768
Toll Free: (800) 772-9284



September 3, 2014

Creditor: RWJ UNIV HOSP SOMERSET-MEDICARE
Service Recipient: PARLAVECCHIO, NICHOLAS
Account #: ███101
Data #: ███
Amount Due: $ 2153.53

Dear NICHOLAS PARLAVECCHIO

Your account with RWJ UNIV HOSP SOMERSET-MEDICARE has been forwarded to us for collection. Call (800) 772-9284 if you require assistance.

**NOTICE**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

  

**WESTERN UNION | QUICK COLLECT**
The fastest way to send a payment
CODE CITY: REMEX CODE STATE: NJ

**MoneyGram ExpressPayment.**
[Receiver Code 3593]

Checks by telephone, please call for details.
**(800) 772-9284**

TO PAY ONLINE GO TO www.remexpay.com

ICU068300-CLA1

**MAKE CHECK OR MONEY ORDER PAYABLE TO: REMEX, INC.**

***Detach Lower Portion and Return with Payment***

CU068300
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

Creditor: RWJ UNIV HOSP SOMERSET-MEDICARE
Service Recipient: PARLAVECCHIO, NICHOLAS
Account #: ███01
Data #: ███
Amount Due: $ 2153.53

September 3, 2014

███101-CL-A1  ███

NICHOLAS PARLAVECCHIO
███

**REMEX, INC.**
PO Box 765
Rocky Hill NJ 08553-0765

TO PAY BY CREDIT CARD –
SEE REVERSE SIDE OF FORM
OR GO TO www.remexpay.com

**WE ACCEPT MASTERCARD, VISA , DISCOVER  and AMERICAN EXPRESS**
*(Credit card payments accepted <u>ONLY</u> for payment of account <u>IN FULL</u>.)*

If you wish to make your payment via credit card, please complete the information below and return in the enclosed envelope.
*I understand a 4% transaction fee will be applied to all credit card payments.*

| CHECK ONE | | Account Number | Payment Amount | Expiration Date |
|---|---|---|---|---|
| ☐ MasterCard | | \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| \| | $ **2153.53** | / |
| ☐ VISA | | Cardholder Name | Signature of Cardholder | Date |
| ☐ DISCOVER | | | | |
| ☐ AMERICAN EXPRESS Cards | | Cardholder Street Address | City        State | Zip |
| | | (        ) | Telephone number *(for verification of information if necessary)* | |